CAUSE NO. C2007-001A

| TRUETT (BUCK) HUX III | § | IN THE 22nd DISTRICT COURT |
|---|---|---|
| VS. | § | |
| CIT FINANCIAL USA, INC. D/B/A LEASE FINANCE GROUP and LEASE FINANCE GROUP, LLC | § | OF COMAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE RELIEF, & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Truett (Buck) Hux, III, Plaintiff in the above-entitled and numbered cause and files this his Original Petition and for cause of action would complain as follows:

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3 because Plaintiff affirmatively pleads that Plaintiff seeks monetary relief aggregating more than $50,000 and Plaintiff affirmatively pleads that Plaintiff seeks injunctive relief.

### B. Parties

2. Plaintiff, Truett (Buck) Hux III, an individual, is a resident of Comal County, Texas.

3. Defendant, CIT Financial USA, Inc. d/b/a Lease Finance Group, a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 1 CIT Drive, Linvingston, NJ 07039, is authorized to do business in Texas and may be

EXHIBIT 1

served with process by serving CT Corp System, 350 N. St. Paul St., Dallas, Texas 75201.

4. Defendant, Lease Finance Group LLC, a foreign limited liability company organized and existing under the laws of the State of Delaware, whose principal office is located at 132 W. 31st St., 14th Floor, New York, New York 10001 does not possess a certificate of authority from the State of Texas and may be served with process by serving the Texas Secretary of State's Citations Division by Certified Mail Return Receipt Requested at 1019 Brazos, Austin, Texas 78701.

### C. Jurisdiction

5. The court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

6. The court has jurisdiction over defendant, CIT FINANCIAL USA, INC. d/b/a Lease Finance Group, a nonresident, because defendant purposefully availed itself of the privileges and benefits of conducting business in Texas by committing a tort, which is the subject of this suit, in whole or in part in Texas. Specifically, the Defendant committed the torts of defamation and business disparagement on or about July 1, 2006.

7. The court has jurisdiction over defendant, LEASE FINANCE GROUP LLC, a nonresident, because defendant purposefully availed itself of the privileges and benefits of conducting business in Texas by committing a tort, which is the subject of this suit, in whole or in part in Texas. Specifically, the Defendant committed the torts of defamation and business disparagement on or about July 1, 2006.

### D. Venue

8. Venue is mandatory in Comal County, Texas under Texas Civil Practice &

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE RELIEF, & REQUEST FOR DISCLOSURE**
*TRUETT (BUCK) HUX, III V. CIT FINANCIAL USA, INC.*

PAGE 2

Remedies Code §15.017 because this suit involves libel and is filed in the county where the plaintiff resided when this claim accrued.

### E. Facts

9. On January 11, 2005, Plaintiff was approached by a representative of Defendant regarding an offer to lease equipment to be used for credit card service. On the same date, Plaintiff agreed to accept the service provided by Defendant *if and only if* Defendant provided the necessary equipment and service prior to January 22, 2005. Plaintiff's conditional acceptance was communicated directly to Defendant's representative. Defendant's representative assured Plaintiff that the equipment and service would in fact be provided prior to January 22, 2005. Relying upon the assurances of Defendant's representative, Plaintiff signed the Lease agreement on January 11, 2005.

10. Defendant failed to provide the requisite equipment and service by January 22, 2005. Consequently, Plaintiff communicated to Defendant's representative that the conditions of Plaintiff's acceptance had not been met and that Plaintiff would not accept or use the equipment or service to be provided by Defendant under the proposed lease. Despite Plaintiff's refusal of the equipment and service, Defendant shipped the equipment to Plaintiff. DHL attempted to deliver the equipment to Plaintiff, but Plaintiff refused delivery from DHL and signed the necessary paperwork evidencing his refusal. DHL returned the equipment to Defendant.

11. Defendant disregarded Plaintiff's refusal and return of the equipment and began to charge Plaintiff for services provided under the purported lease. Plaintiff refused to pay for the services, asserting that the lease was not an enforceable contract. As a result of Plaintiff's

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE
RELIEF, & REQUEST FOR DISCLOSURE
*TRUETT (BUCK) HUX, III V. CIT FINANCIAL USA, INC.*

PAGE 3

nonpayment, Defendant began sending collection notices to Plaintiff.

12. On or about July 1, 2006, Defendant notified credit reporting agencies that Plaintiff owed Defendant money and that Defendant had submitted plaintiff's account for collection. As a result, a notice of collection was added to Plaintiff's credit reports.

13. Plaintiff did not become aware of Defendant's defamatory statements until October 23, 2006.

14. Plaintiff had applied for multiple loans or lines of credit to purchase property in Comal County, Texas. As a result of the collection shown on Plaintiff's credit reports, Plaintiff was unable to obtain suitable financing for the purchase of the properties in Comal County. Plaintiff could have obtained suitable financing for the properties if not for the collection shown on his credit reports.

15. As a consequence of Defendant's actions, Plaintiff has suffered irreparable harm to his reputation and his economic interests.

### F. Defamation

16. Defendant published a statement by written communication to credit reporting agencies asserting as fact that Plaintiff owed Defendant money.

17. The statement involved a private matter, Plaintiff's credit rating.

18. The statement referred to Plaintiff by name because the collection was reported on Plaintiff's personal credit report.

19. The statement was defamatory because it unambiguously asserts that Plaintiff has not paid monies allegedly owed to Defendant, thereby damaging Plaintiff's reputation and exposing

Plaintiff to financial injury.

20. Defendant is strictly liable to Plaintiff for the defamation because Plaintiff is a private party, the Defendant is a non-media defendant, and the statement concerns a private matter. Furthermore, Defendant's conduct was willful and malicious.

21. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court, which include, but are not limited to:

      (i)     loss of earning capacity;

      (ii)    loss of past income;

      (iii)   loss of future income;

      (iv)   damage to reputation;

      (v)    damage to credit rating;

      (vi)   loss of credit.

22. Plaintiff's injury resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

### G. Libel Per Se

23. Defendant's written statement described in paragraphs 16 through 22 above was libel per se as defined by Texas Civil Practice & Remedies Code Section 73.001. Defendant's statement injured Plaintiff's reputation and exposed Plaintiff to public hatred, contempt, ridicule, or financial injury. Specifically, Defendant falsely stated to credit reporting agencies that Plaintiff had not paid monies allegedly owed to Defendant causing the Plaintiff to be exposed to contempt, ridicule, or financial injury.

## H. Defamation Per Se

24. Defendant's written statement described in paragraphs 16 through 22 above was defamatory per se under the common law. Defendant's statement injured Plaintiff in Plaintiff's profession or occupation by preventing investment opportunities and potential profits from investment opportunities.

## I. Business Disparagement

25. In the addition to the foregoing causes of action, Defendant disparaged Plaintiff's business.

26. Defendant published written disparaging words about Plaintiff's consumer credit worthiness by notifying credit agencies that Plaintiff had not paid monies allegedly owed to Defendant.

27. The words were false because Plaintiff did not owe Defendant money.

28. Defendant published the words with malice because Defendant knew that the statement was false, acted with ill will, and acted with the intent to interfere in the Plaintiff's economic interests.

29. Defendant published the disparaging statement without privilege.

30. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court, which include but are not limited to:

    (i)  Loss of earning capacity;

    (ii)  Loss of past income;

    (iii)  Loss of future income;

(iv) Damage to business reputation;

(v) Damage to credit rating;

(vi) Loss of credit.

31. Plaintiff's injury resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

### J. Vicarious Liability

32. The defamatory statements at issue were made by an individual who was an employee, agent, or representative of Defendant. The individual made the statements in order to further the business of the Defendant and to accomplish the objective for which the employee was hired. The statements were made within the course and scope of the employment, agency, or representation of Defendant.

### K. Equitable Relief

33. Plaintiff seeks equitable relief in the form of notification to credit agencies that the notice of collection shown on Plaintiff's credit reports is erroneous. By reporting an erroneous collection on Plaintiff's credit reports, Defendant continually causes Plaintiff damage to which a monetary value cannot be assessed.

### L. Jury Demand

34. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### M. Request for Disclosure

35. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within 50 days of the service of this request, the information or material described in Rule 194.2.

## N. Prayer

36. For these reasons, Plaintiff asks that the Court issue citation for defendant to appear and answer, and the Plaintiff be awarded a judgment against Defendant for the following:

    (a)    Actual damages;

    (b)    Equitable Relief in the form of notification to credit agencies that the notice of collection shown on Plaintiff's credit report is erroneous;

    (c)    Exemplary damages;

    (d)    Loss of earning capacity;

    (e)    Loss of past income;

    (f)    Loss of future income;

    (g)    Damage to business reputation;

    (h)    Damage to personal reputation;

    (i)    Damage to credit rating;

    (j)    Loss of credit;

    (k)    Prejudgment and postjudgment interest;

    (l)    Court costs; and

    (m)    All other relief to which Plaintiff is entitled.

Respectfully submitted,

**MAYO MENDOLIA & STARR, L.L.P.**
909 ESE Loop 323, Suite 550
Tyler, Texas 75701
(903) 534-0200
(903) 534-0511 (Fax)

By: _____
**J. KEITH MAYO**
State Bar No. 00794251
**STEVEN W. COMTE**
State Bar No. 24040715

**ATTORNEYS FOR PLAINTIFF
TRUETT (BUCK) HUX III**

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE
RELIEF, & REQUEST FOR DISCLOSURE
*TRUETT (BUCK) HUX, III v. CIT FINANCIAL USA, INC.*

PAGE 9



**Comal County**
*Office of District Clerk*
*150 N. Seguin, Suite 304*
*New Braunfels, Texas 78130-5160*



7005 1160 0002 0095 9674

C.T. CORP. SYSTEM
350 N. ST PAUL ST
DALLAS, TX 75201