# EXHIBIT "D"

L #1207901
~~4469748~~

# CIT

**NON-CANCELLABLE LEASE**

CIT FINANCIAL USA, Inc. d/b/a Lease Finance Group
233 N. Michigan Ave., Suite 1600
Chicago, IL 60601-5519 • (312) 980-5600 • Fax (312) 980-5780

| ☑ CORPORATION | REP CODE | OFFICE NUMBER | LEASE NUMBER |
|---|---|---|---|
| ☐ PROPRIETORSHIP | COCI | | 20117 |
| ☐ PARTNERSHIP | | | |
| TYPE OF BUSINESS | VENDOR EFS National Bank | | |

**LEGAL NAME OF LESSEE ("LESSEE")**: Truett Hux III

**BILLING ADDRESS**: P.O. Box 1981

**ADDRESS**: 2525 Horizon Lake Road

| CITY | STATE | ZIP | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| Whitehouse | TX | 75791 | Memphis | TN | 38134 |

| LESSEE PHONE NO | COUNTY | YEARS IN BUSINESS | PHONE NO. | MERCHANT NUMBER |
|---|---|---|---|---|
| (903) 839-0987 | Smith | 12 | 800-238-7675 | |

| EQUIPMENT MANUFACTURER | MODEL | SERIAL NUMBER |
|---|---|---|
| Eclipse | CL/IPSE | |
| VERIFONE 1000 SE | IN/GENC | |

**LOCATION OF Equipment Address (no. & street, city, state, zip) if different from above**
1110 Hwy 110 North Whitehouse TX 75791

The equipment ("Equipment") and the software ("Software") described above shall be referred to collectively as the "Property".

| SCHEDULE OF PAYMENTS | | PAYABLE AT SIGNING OF THE LEASE | |
|---|---|---|---|
| TERM IN MONTHS: 48 | BASE MONTHLY PAYMENT OF $49.00 PER MONTH | ☐ FIRST AND LAST MONTHLY PAYMENT | $ — |
| COMMENCEMENT DATE | PLUS TAXES AND OTHER FEES AS DESCRIBED IN THE TERMS AND CONDITIONS BELOW | ☐ FIRST MONTHLY PAYMENT | $ — |
| | | ☐ OTHER | $ — |
| | | TOTAL | $ — |

**TERMS AND CONDITIONS** (See other side for additional Terms and Conditions)

1. NOTWITHSTANDING ANY AMOUNTS WHICH MAY BE PAID BY LESSOR TO VENDOR OR ANY AGENT OF VENDOR, LESSEE UNDERSTANDS AND AGREES THAT NEITHER VENDOR NOR ANY AGENT OF VENDOR IS AN AGENT OF LESSOR OR IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS LEASE. THEIR REPRESENTATIONS SHALL IN NO WAY AFFECT LESSEE OR LESSOR'S RIGHTS AND OBLIGATIONS AS HEREIN SET FORTH.

2. **NON-CANCELLABLE LEASE.** THIS LEASE CANNOT BE CANCELLED BY LESSEE DURING THE TERM HEREOF.

3. **DISCLOSURE OF INFORMATION.** Lessee and Guarantor(s) expressly authorize Lessor or its agents or assigns continuing authority to conduct credit checks and background investigations concerning Lessee and Guarantor(s) and has the right to report late payments and defaults to credit agencies as deemed appropriate by Lessor. Disputes or inaccuracies regarding information sent to credit agencies should be sent to CIT FINANCIAL USA, Inc. d/b/a Lease Finance Group at the address on the top of this lease.

4. **AUTHORIZATION AGREEMENT FOR AUTOMATIC WITHDRAWAL OF PAYMENTS.** I, the undersigned Lessee in the capacity set forth below, hereby authorize CIT FINANCIAL USA, Inc. d/b/a Lease Finance Group or its designee, successor or assign (hereinafter "Lessor") to automatically withdraw my monthly rental payment and any amounts, including any and all taxes or other charges now due or hereinafter imposed, owed in conjunction with the above referenced Non-Cancellable Lease (hereinafter "Lease") by initiating debit entries to my account at the financial institution (hereinafter "Bank") evidenced on the check copy provided, or such other Bank that may be used by me from time to time. As set forth in paragraph 16, in the event of default of my obligations hereunder, I authorize the Lessor to debit my account for the full amount due under the Lease. A rental payment (whether paid by debit or other means) that is not honored by my bank for any reason will be subject to a $10.00 service fee imposed by Lessor. Further, I authorize my Bank to accept and to charge any debit entries initiated by Lessor to my account. This authorization is to remain in full force and effect until Lessor has received written notice from me of its termination in such time and in such manner as to afford Lessor a reasonable opportunity to act.

**BANK**: Southside Bank     **ROUTING NO.**: 111912360|7|   **ACCOUNT NO.**: 1464779

**CERTIFICATE OF ACKNOWLEDGMENT AND ACCEPTANCE OF LEASED PROPERTY**

I HAVE READ AND AGREE TO THE TERMS WHICH APPEAR ON BOTH SIDES OF THIS LEASE DOCUMENT. Lessee represents that this Property is being leased for business and/or professional purposes and agree that under no circumstances shall this Lease be construed as a consumer contract. Lessee acknowledges receipt of a copy of this Lease Agreement, with all lease terms filled in, and acknowledge and agree that Lessee shall be deemed to have unconditionally accepted the Property Lessor has leased Lessee under the Lease Agreement, particulars of which are given above. Lessee's signature herein authorizes Lessor to verbally verify by telephone with representative of Lessee on a verification certificate; the date and time of such verification; the terms and conditions of the Lease; the type and make of the Property under the Lease; that all necessary installation has been completed and the Property is in good operating order and in all respects satisfactory to Lessee; and that the monthly rental payment will be automatically debited from the Lessee's verified account number and designated account.

**ACCEPTED BY LESSOR:**
CIT FINANCIAL USA, Inc.
d/b/a Lease Finance Group
Authorized Signature: [signature]
Title: [signature]  Date: 3/15/05

**ACCEPTED BY LESSEE:**
LESSEE #1
X Signature: [signature]
Print Name: Truett Hux III
Title: President     Date: 1/11/05
Witness Signature X

**LESSEE (FULL LEGAL NAME)**
LESSEE #2 (if applicable)
X Signature ____
Print Name ____
Title ____  Date ____

**PERSONAL GUARANTY**

To induce Lessor to enter into this Lease, the undersigned unconditionally guarantees to Lessor the prompt payment when due of all of Lessee's obligations to Lessor under the Lease. Lessor shall not be required to proceed against Lessee or the Property or enforce any other remedy before proceeding against the undersigned. The undersigned agrees to pay all attorney's fees and other expenses incurred by Lessor by reason of default by the Lessee or the undersigned consents to any extensions or modifications granted to Lessee and the release and/or compromise of any obligation of Lessee or any other obligors and guarantors without in any way releasing the undersigned from its obligations hereunder. This is a continuing Guaranty and shall not be discharged or affected by death of the undersigned, shall bind the heirs, administrators, representatives, successors and assigns, and may be enforced by or for the benefit of any assignee or successor of Lessor. The undersigned agrees and consents the Court of the State of Illinois having jurisdiction in Cook County or any Federal District Court having jurisdiction in said county shall have jurisdiction and shall be the proper venue for the determination of all controversies and disputes arising hereunder. The undersigned agrees and consents that the service of process by registered or certified mail will be sufficient to obtain jurisdiction.

**Guarantor Signature**
X [signature] _____, Individual
(No title allowed)
Home Address: 490 Lone Oak Rd.
City: New Braunfels     State: TX   Zip: 78132
Home Phone#: (903) 316-0600    S.S.#: 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

**Guarantor Signature #2**
X _____, Individual
(No title allowed)
Home Address ____
City ____  State ____ Zip ____
Home Phone# ____   S.S.# ____

We have written this Lease in plain language because we want you to fully understand its terms. Please read your copy of this Lease carefully and feel free to ask us any questions you may have about it. We use the words you and your to mean the Lessee indicated above. The words we, us, and our refer to the Lessor indicated above and any assignee thereof.

10-5 040A EFS     WHITE - ORIGINAL     YELLOW - FILE     PINK - LESSEE COPY

EXHIBIT 2

5. NO WARRANTIES. The Property is subject to any warranties made by the manufacturer of the Equipment or licensor of the Software ("Licensor") and any limitation thereof. The Property is leased "AS IS" and LESSOR IS NOT LIABLE FOR THE PERFORMANCE OF THE EQUIPMENT, THE SOFTWARE, THE LICENSOR OR ANY OTHER PARTY'S FAILURE TO PROVIDE SERVICE. YOU ACKNOWLEDGE THAT WE DID NOT MANUFACTURE OR LICENSE THE PROPERTY NOR DID WE SELECT IT; WE DID NOT REPRESENT THE MANUFACTURER OR THE LICENSOR AND YOU SELECTED THE PROPERTY BASED UPON YOUR OWN JUDGEMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. YOU AGREE THAT, REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR, AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR, ANY DAMAGES, WHETHER LOST PROFITS, LOST DATA, CONSEQUENTIAL, DIRECT, SPECIAL, PUNITIVE OR INDIRECT, RELATING TO THE PROPERTY. YOU AGREE THAT IN THE EVENT OF A BREACH OR DEFAULT UNDER THE LICENSE AGREEMENT, LESSEE'S SOLE REMEDY SHALL BE AGAINST THE LICENSOR. We hereby notify you that you may have rights under the supply contracts or the License Agreement, and that you may contact the supplier or the Licensor for a description of those rights or any warranties.

6. TERM AND RENT. The Lease term shall commence as of the date that the Lease is accepted by us, ("the Commencement Date"), and shall continue until your obligations under the Lease shall have been fully performed. Each installment of rent shall be payable monthly in advance. the first such payment being due on the date you sign this Lease, or at such later time as agreed to by us, and the second payment shall be due the following month on the day of the month we designate in writing (hereinafter "Payment Day"), and subsequent payments will be due on the Payment Day of each successive month until the balance of the rent and any additional rent or fees chargeable to you under this Lease have been paid in full. All payments of rent shall be made to us at the address set forth herein or such other address that we may designate in writing. YOUR OBLIGATION TO PAY SUCH RENTALS SHALL BE ABSOLUTE AND UNCONDITIONAL AND IS NOT SUBJECT TO ANY ABATEMENT, SET-OFF, DEFENSE OR COUNTERCLAIM FOR ANY REASON WHATSOEVER, INCLUDING ANY ACTION BY LICENSOR OR ANY OTHER THIRD PARTY. You hereby authorize us to insert the serial numbers and other identification data of the Property when determined by us and dates or other omitted factual matters. If a security deposit is indicated above, the same shall be held by us to secure the faithful performance of the terms of the Lease and returned or applied in accordance with Paragraph 18 hereof.

7. ASSIGNMENT. (a) WE MAY ASSIGN OR TRANSFER THIS LEASE OR OUR INTEREST IN THE PROPERTY WITHOUT NOTICE TO YOU. Any assignee of ours shall have all of the rights, but none of the obligations, of ours under this Lease and you agree that you will not assert against any assignee of ours any defense, counterclaim or offset that you may have against us. (b) YOU SHALL NOT ASSIGN OR IN ANY WAY DISPOSE OF ALL OR ANY PART OF YOUR RIGHTS OR OBLIGATIONS UNDER THIS LEASE OR ENTER INTO ANY SUBLEASE OF ALL OR ANY PART OF THE PROPERTY WITHOUT OUR PRIOR WRITTEN CONSENT.

8. TITLE, QUIET ENJOYMENT. We shall at all times retain title to the Property. All documents of title and evidence of delivery shall be delivered to us. You hereby authorize us, at your expense, to cause this Lease, or any statement or other instrument in respect to this Lease showing our interest in the Property, including Uniform Commercial Code Financing Statements, to be filed or recorded and refiled and rerecorded, and grant us the right to execute your name thereto. You agree to execute and deliver any statement or instrument requested by us for such purpose, and agree to pay or reimburse us for any filing, recording or stamp fees or taxes arising from the filing or recording of any such instrument or statement. So long as you are not in default under any of the terms in this Lease, we agree that we shall not interfere with your quiet use and enjoyment of the Property.

9. CARE, USE AND LOCATION. You shall maintain the Equipment in good operating condition, repair and appearance, and protect the same from deterioration other than normal wear and tear; shall use the Property in the regular course of your business; shall not make any modification, alteration or addition to the Property without our written consent, which shall not be unreasonably with-held; shall not so affix the Equipment to realty as to change its nature to real property; and shall not remove the Property from the location shown herein without our written consent, which shall not be unreasonably withheld.

10. NET LEASE; TAXES. You intend the rental payments hereunder to be net to us, and you agree to pay all sales, use, excise, personal property, stamp, documentary and ad valorem taxes, license and registration fees, assessments, fines, penalties and similar charges imposed on the ownership, possession or use of the Property during the term of this Lease (except our Federal or State net income taxes) imposed on you or us with respect to the rental payments hereunder or the ownership of the Property and shall reimburse us upon demand for any taxes paid by or advanced by us. Your monthly payments to us shall include, in addition to the base monthly payment for rental of the Property, an amount attributable to such taxes and fees. Such amount shall include, if applicable, an estimate of the property tax owing with respect to such period plus a processing fee to reimburse us for preparing, reviewing and filing tax returns. Unless otherwise agreed to in writing, we shall file personal property tax returns with respect to the Property.

11. INDEMNITY. You shall and do hereby agree to indemnify and save us, our agents, servants, successors, and assigns harmless from any and all liability, damage or loss, including reasonable attorney's fees, arising out of the ownership, selection, possession, leasing, operation, control, use, condition (including but not limited to latent and other defects, whether or not discoverable by you), maintenance, delivery and return of the Property. The indemnity shall continue in full force and effect notwithstanding the termination of the Lease.

12. INSURANCE. You shall keep the Property insured against all risks of loss or damage from any cause whatsoever for not less than the full replacement value thereof. You shall carry public liability insurance, both personal injury and property damage, covering the Property. All such insurance shall be in form and with companies satisfactory to us and shall name us and our assigns as loss payee as our interest may appear with respect to property damage coverage and as additional insured with respect to public liability coverage. You shall pay the premiums for such insurance and deliver to us satisfactory evidence of insurance coverage required hereunder. The proceeds of such insurance payable as a result of loss or damage to any item of Property shall be applied to satisfy your obligation as set forth in Paragraph 13 below. You hereby irrevocably appoint us as your attorney-in—fact to make a claim for, receive payment of and execute and endorse all documents, checks or drafts received in payment for loss or damage under any such insurance policy.

13. RISK OF LOSS. You shall bear all risks of loss of and damage to the Property from any cause and the occurrence of such loss or damage shall not relieve you of any obligation hereunder.

14. INSURANCE NON-COMPLIANCE. In the event you fail to comply with your obligations under Paragraph 12 of this agreement to deliver to us evidence of insurance naming us as loss payee, or upon the cancellation or non-renewal of the required insurance, then you shall be subject to an Insurance Non-Compliance Charge in the amount of $2.50 per month, per item of Equipment, said amount to be paid with the next monthly rental payment and all subsequent payments due during the remaining term of the Lease, or until such time as satisfactory evidence of insurance coverage has been provided. The imposition of the Insurance Non-Compliance Charge shall not relieve you of any obligation under Paragraph 13 of this agreement.

15. EVENT OF DEFAULT. If any one of the following events (each a "Default") shall occur, then to the extent permitted by applicable law, we shall have the right to exercise any one or more remedies set forth in Paragraph 16 below, (a) you fail to pay any rental or any other payment hereunder when due; or (b) you fail to perform any of the terms, covenants, or conditions of this Lease other than as provided above after ten (10) days written notice.

16. REMEDIES. If a Default occurs, we may do any or all of the following: (a) terminate this Lease; (b) declare all unpaid Lease payments until the end of the term of this Lease and other amounts under this Lease immediately due and payable; (c) repossess or render unusable, any Property whatever located, without demand or notice, without any court order or other process of law and without liability to you for any damages occasioned by such action; (d) require you to deliver the Property to a location designated by us; (e) proceed by court action to enforce performance by you of this Lease and/or recover all damages and expenses incurred by us by reason of any Default; or (f) exercise any other right or remedy available at law or in equity, including those of a secured creditor. You shall pay us all costs and expenses (including attorney's fees and costs) incurred by us in enforcing any of the terms of this Lease or any of our rights against you. Upon repossession or surrender of any Property we may lease, sell or otherwise dispose of the Property, and apply the net proceeds thereof to the amounts owed to us hereunder, provided, that you shall remain liable to us for any deficiency. You agree that it is commercially reasonable for repossessed Property to be sold at public or private sales (in any state or county selected by us) to dealers or others in lots or pieces (with or without the Property being physically present) at used Property prices. Notwithstanding the foregoing, to the extent the Software is nontransferable or its transfer restricted, Lessee agrees that the Lessor and/or Licensor of the Software shall have no duty to remarket such Software or otherwise mitigate any damages relating to such Software. All rights and remedies are cumulative and may be enforced concurrently. Any delay or failure to enforce our rights hereunder does not prevent us from enforcing any rights at a later time. Notwithstanding the foregoing, any attorney's fees, costs, or expenses, or costs or expenses of repossession and storage, shall be limited to the highest amount chargeable under applicable law.

17. CHANGE OF NAME, BILLING ADDRESS; BANK ACCOUNT. You will inform us, within ten (10) days, of any change in your name, address, billing address, telephone numbers, location of Property, or the bank checking account used for ACH debit. We are authorized to correct any typographic or spelling errors made on the front of this Lease Agreement regarding your address, telephone numbers, bank checking account or the Property leased.

18. END OF LEASE TERM. At the expiration or earlier termination of this Lease Term, you have the following options: (a) You shall disconnect and return the Equipment and/or Software, freight prepaid, to us in good repair, condition and working order, in a manner and to a location we designate and all Lessee's right to use the Software shall terminate. (b) Lessor extends an option to purchase the Equipment at the end of the term for fair market value, which is estimated to be 10% of the Lease Term times monthly Lease payment (including taxes) and return the Software in accordance with option a. (c) You can extend upon all the terms and conditions as stated herein for a period of one month from its expiration date without the necessity of the execution of any further instrument or document. At the end of this additional month, options a, b, and c are again available to you. Unless you notify us in writing 30 days prior to the expiration of the Lease Term, or monthly renewal period, you shall have been deemed to have chosen option c (Automatic Renewal for one month).

19. LATE PAYMENTS AND COLLECTION COSTS. If you do not make a payment within 10 days of its due date, you must pay, in addition to the payment, a late charge of $10.00 for each late payment. Each month the past due payment remains unpaid, an additional late fee of $10.00 will be assessed. You will pay our collection costs, and reasonable Attorney's fees. Such collection costs include, but are not limited to charges for collection letters and collection calls and to charges of collection agencies, courts sheriffs, etc. There will be a processing charge of $10.00 for any rejected credit card charge, Western Union Phone Pay or other payment method used by us. Payments are applied to late fees and to processing charges first and then to Lease obligations.

20. MISCELLANEOUS. In the event you fail to comply with any provision of the Lease, we shall have the right, but not be obligated, to effect such compliance on your behalf. All monies expended by us in effecting such compliance shall be deemed to be additional rent, and shall be paid by you to us at the time of the next monthly payment or rent. All notices under this Lease shall be sufficient if given personally or mailed to the party intended at the respective address set forth herein, or at such other address as said party may provide in writing from time to time. We intend and you intend this Lease to be a valid and subsisting legal instrument, and agree that any provision of this Lease which may be deemed unenforceable shall be modified to the extent necessary to render it enforceable and shall in no way invalidate any other provision or provisions of this Lease, all of which shall remain in full force and effect. This Lease shall be binding when accepted in writing by us and shall be governed by the laws of the State of Illinois, without regard to the conflict of law rules or principles thereof. Unless otherwise prohibited by law you agree and consent that the Court of the State of Illinois having jurisdiction in Cook County or any Federal District Court having jurisdiction in Cook County shall have the jurisdiction and shall be the proper venue for the determination of all controversies and disputes arising hereunder. You agree and consent that service of process by registered or certified mail will be sufficient to obtain jurisdiction. Nothing contained herein is intended to preclude us from commencing any action hereunder in any court having jurisdiction thereof. YOU WAIVE, INSOFAR AS PERMITTED BY LAW, TRIAL BY JURY IN ANY ACTION BETWEEN THE PARTIES.

21. CHOICE OF LAW; ARBITRATION. Any unsettled claim or controversy, including any contract or tort claim, between or among us, you or any Guarantor related to this Lease, shall be determined by binding arbitration under the Commercial Arbitration Rules of the American Arbitration Association or if you choose, the Rules of Arbitration (Binding) of the Better Business Bureau. All statutes otherwise applicable shall apply. Judgment upon the arbitration award may be entered in any court having jurisdiction. In event you or Guarantor Defaults, these provisions regarding arbitration shall not apply to our right to repossess the Equipment. This Lease is made in interstate commerce. Any arbitration shall take place in Chicago, Illinois.

22. LIMITATION ON ACTION: You shall commence any action based in contract, tort or otherwise arising from, or related to, this Lease, or the subject matter thereof, within one year of the accrual of that cause of action and no such action may be maintained which is not commenced within that period.

23. ENTIRE AGREEMENT; CHANGES. This Lease contains the entire agreement between the parties and may not be altered, amended, modified, terminated or otherwise changed except in writing and signed by one of our executive officers.

